Kenton-Walker, Janet, J.
The plaintiffs, all residential and business customers of the defendant, Fitch-burg Gas and Electric Light Company (“FG&E”), bring this action to recover damages allegedly sustained due to FG&E’s inadequate response to the ice storm that occurred in Western Massachusetts on December 11 and 12, 2008. The plaintiffs’ complaint asserts the following claims: negligence/gross negligence (Count I); breach of contract (Count II); unjust enrichment (Count III); and violations of G.L.c. 93A (Counts IV and V).[2] The action is now before the court on FG&E’s Motion for Change of Venue. Following a hearing on December 1, 2008, and a review of the record before the court, FG&E’s motion is DENIED.

*423
BACKGROUND

This court’s September 2, 2009, Memorandum of Decision and Order on Defendant’s Motion to Dismiss [26 Mass. L. Rptr. 107] contains a full recitation of the facts as alleged in the plaintiffs’ amended complaint. For purposes of FG&E’s Motion for Change of Venue, it is sufficient to state that the ice storm affected a significant portion of Worcester County, Massachusetts. Northern Worcester County was especially hard hit. County residents experienced varying lengths of power outages, some lasting for several weeks. Boston and Worcester-area newspapers featured many articles reporting on the ice storm, the damage it rendered, and the hardships many residents faced as a result of the power outages. Local television and radio stations broadcasted coverage of the ice storm. Some of these articles and broadcasts reflected the frustration of affected residents regarding FG&E’s response to the ice storm.

DISCUSSION

FG&E asserts that due to the widespread effects of the ice storm and the extensive media coverage, it will be unable to receive a fair trial in Worcester County. It claims the residents who will constitute the jury pool are so biased as to trigger G.L.c. 223, §13, which states:
If the . . . superior court finds that a party to an action or proceeding pending therein cannot, by reason of local prejudice or other cause, have an impartial trial in the county where the action or proceeding was commenced, it may, upon the application of either party, order it to be removed for trial to another county.
FG&E also cites G.L.c. 234, §28, which provides for the voir dire of prospective jurors to determine whether they “stand indifferent in the case.” Should the judge find a juror does not stand indifferent, he or she must be dismissed. G.L.c. 234, §28 (“If the court finds that the juror does not stand indifferent in the case, another shall be called in his stead”).
“A trial judge should exercise his power to change the venue of a jury trial ‘with great caution and only after a solid foundation of fact has been first established.’ ” Commonwealth v. Colon-Cruz, 408 Mass. 533, 551 (1990), quoting Commonwealth v. Smith, 357 Mass. 168, 173 (1970). “[T]he existence of pretrial publicity alone, even if extensive, does not constitute such a foundation." Commonwealth v. James, 424 Mass. 770, 776 (1997). Rather, a defendant must show that the pretrial publicity deprived him of a fair trial. See Delle Chiaie v. Commonwealth, 367 Mass. 527, 532 (1975). When a defendant moves for a change of venue based on pretrial publicity, the judge has “substantial discretion” in deciding the motion. James, 424 Mass. at 775.
The court finds that FG&E has not laid “a solid foundation of fact” regarding the alleged bias of potential Worcester County jurors. While FG&E submits numerous newspaper articles about the ice storm, ensuing power outages, and FG&E’s response, pretrial publicity alone — even if extensive — does not constitute grounds for changing the venue. See id. at 776. Even in criminal trials, where the constitutional stakes are much higher, defendants are not deprived of fair trials simply because jurors have prior knowledge of the charged crime. See id. at 111. It would be next to impossible in these times of media saturation to expect potential jurors to have little or no knowledge of almost any case that draws the public’s attention.
FG&E does not assert extensive pretrial publicity alone as a reason for the change of venue, however. It also claims potential Worcester County jurors stand in the same position as the plaintiffs — having experienced “the brunt” of the ice storm firsthand — and will therefore manifest bias against FG&E. FG&E fails to submit anything to establish a factual foundation for this assertion, though, leaving the court to merely speculate or assume the existence of juror bias. Additionally, FG&E overlooks the fact that many residents of southern Worcester County did not suffer the extensive damage and power outages that residents of the northern part of the county did. Nor has FG&E proven to the court why individual juror voir dire, as provided in G.L.c. 234, §28, will be insufficient to remove any jurors incapable of putting aside their own experiences with the ice storm in determining FG&E’s liability. For example, courts commonly ask members of the jury pool in a motor vehicle case if they have ever been involved in a motor vehicle accident themselves so as to determine any bias.
With careful questioning of each potential juror and by keeping potential bias in mind, the court is confident it can impanel an impartial jury composed of Worcester County residents. The court will therefore deny FG&E’s motion. It will do so without prejudice, however, so that, should it appear to FG&E during voir dire that detailed questioning is not removing biased jurors, it may renew its motion.

ORDER

For the foregoing reasons, it is hereby ORDERED that FG&E’s Motion for Change of Venue be DENIED without prejudice.

By order dated September 2, 2009, this court (Kenton-Walker, J.) dismissed so much of Count I that alleged simple negligence, Count II, and Count III [26 Mass. L. Rptr. 107].